UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY T. DAVIS,

        Petitioner,                        No. C-02-0538 PJH

       v.                               **ORDER REOPENING CASE; DENYING PETITIONER'S REQUEST FOR FURTHER BRIEFING**

D.L. RUNNELS, WARDEN,

        Respondent.
_____/

      This court is in receipt of Petitioner Anthony Davis' April 6, 2007 response to the March 28, 2007 order to show cause why the matter should not be fully adjudicated now that the state court habeas proceedings are complete. The court DENIES Davis' request for further briefing because the claims in his petition have already been fully briefed, and although mindful of the fact that Davis was proceeding pro se at the time of the briefing, the court has determined that additional briefing is neither helpful nor necessary.

      A brief history of the case is warranted. On January 30, 2002, Davis filed pro se his federal habeas petition, which raises six claims. Four of the six claims involve alleged violations of Davis' Confrontation Clause rights. The court denied Davis' request to appoint counsel on August 13, 2002, finding that because Davis' claims were not particularly complex and because he had presented them adequately in his petition, appointment of counsel was not warranted under 18 U.S.C. § 3006A(a)(2)(B). The petition was fully briefed on November 15, 2002, when Davis filed his traverse.

1    However, on March 8, 2004, prior to the court's issuance of a decision on the
2 merits, the United States Supreme Court decided *Crawford v. Washington*, 541 U.S. 36
3 (2004), which abrogated the "reliability" test set forth in *Ohio v. Roberts,* 448 U.S. 56, 65
4 (1980).  Thereafter, on April 19, 2004, the court appointed counsel in this case for the
5 limited purpose of providing supplemental briefing on both the retroactivity of *Crawford*,
6 and its potential effect on Davis' Confrontation Clause claims.  Federal Public Defender
7 David Fermino was appointed as Davis' counsel.  The parties completed supplemental
8 briefing on the *Crawford* issues on August 19, 2004.  However, as the court noted in a
9 subsequent order issued March 8, 2005, the parties' briefing primarily covered the issue
10 of *Crawford's* retroactivity, as opposed to the merits of Davis' claims under *Crawford.*
11    Subsequently, though, on February 22, 2005, the Ninth Circuit decided *Bockting*
12 *v. Bayer*, 399 F.3d 1010 (9th Cir. 2005), and concluded that *Crawford* applied
13 retroactively to cases on collateral review.  Following the Ninth Circuit's decision, on
14 March 8, 2005, this court held the instant proceedings in abeyance in order to afford the
15 state courts the opportunity to reexamine Davis' Confrontation Clause claims in light of
16 the Supreme Court's decision in *Crawford*, and the Ninth Circuit's decision in *Bockting*
17 that *Crawford* should be applied retroactively to the instant case.
18    Based in part on former counsel's failure to file a habeas petition on Davis' behalf
19 in the state courts per this court's March 8, 2005 order, this court vacated Mr. Fermino's
20 appointment, and appointed current counsel, Michael Thorman, on November 1, 2005.
21 Mr. Thorman sought habeas relief in the state courts, and advised this court that the
22 state courts denied relief on March 27, 2007.  The court ordered the parties to show
23 cause why the matter should not be finally adjudicated in its March 27, 2007 order.
24    Davis now seeks to have counsel supplement the original briefing on his claims.
25 However, as noted above, counsel in this case was appointed for a limited purpose, the
26 purpose of which has now expired.  As the court noted in its March 28, 2007 order,
27 given the United States Supreme Court's recent decision in *Whorton v. Bockting*, 127 S.
28 Ct. 1173 (Feb. 28, 2007), in which the Court held that *Crawford* does not apply

1  retroactively, Davis' Confrontation Clause claims are therefore governed by *Ohio v.*
2  *Roberts*, 448 U.S. 56, 65 (1980).  *See Bolton v. Knowles*, 2007 WL 793200 at *1 (9th
3  Cir. Mar. 13, 2007) (noting that habeas petitioner's Confrontation Clause claim is
4  governed by the standards set forth in *Ohio v. Roberts*); *accord Miller v. Fleming*, 2007
5  WL 840981 (9th Cir. Mar. 19, 2007).
6       The court's suggestion in its March 8, 2005 abeyance order that it would permit
7  supplemental briefing on the merits of Davis' *Crawford* claim following state court
8  adjudication is now also mooted by the Supreme Court's decision in *Whorton* that
9  *Crawford* does not apply retroactively to Davis' petition.  It would be of no assistance for
10 the court to receive further briefing on the merits of *Crawford*.
11      The court has reviewed Davis' petition, the exhibits, the record in this case, the
12 parties' original briefs, including Davis' pro se briefing, and has determined that further
13 briefing is neither necessary nor helpful.  Accordingly, Davis' request is DENIED, and an
14 order on the merits of Davis' petition will be forthcoming.
15 **IT IS SO ORDERED.**

17 Dated: April 9, 2007

                                              _____
                                              PHYLLIS J. HAMILTON
                                              United States District Judge