UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY T. DAVIS,

    Petitioner,

    v.

D.L. RUNNELS, WARDEN,

    Respondent.
_____/

No. C 02-0538 PJH

**ORDER GRANTING CERTIFICATE OF APPEALABILITY; GRANTING COUNSEL'S MOTION TO WITHDRAW**

    This is a habeas case under 28 U.S.C. § 2254 filed by a state prisoner. On August 2, 2007, this court denied Davis' petition on the merits. Before the court is Davis' application for a certificate of appealability ("COA"), and his appointed attorney, Michael Thorman's motion to withdraw as counsel.

    To obtain a COA, Davis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward. "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard. Here, the court finds that the six issues presented by Davis in his petition meet the above standard and accordingly GRANTS the COA as to those issues. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003). Those issues include Davis' claims:

(1) That he received ineffective assistance of counsel when his court-appointed attorney failed to investigate evidence that Davis' hand was allegedly cut by Alexander in support of his self-defense theory; and

(2) California Evidence Code § 1370 is facially unconstitutional and violates the Confrontation Clause of the Sixth Amendment;

(3) application of California Evidence Code § 1370 to Davis violated the Confrontation Clause;

(4) the Confrontation Clause was violated when Persons' and Alexander's hearsay statements to Officer Salazar were admitted as spontaneous statements;

(5) the Confrontation clause was violated when the state trial court denied Davis' motion for a new trial, based on "newly discovered" evidence that demonstrated that Alexander and Persons contrived to misrepresent the incident in order to protect Alexander from criminal charges;

(6) that the alleged cumulative errors denied him a fair trial.

Turning to Thorman's motion to withdraw as counsel, the court begins by noting that counsel was appointed in this case on April 19, 2004, after the habeas petition was fully briefed, and following the United States Supreme Court's decision *Crawford v. Washington*, 541 U.S. 36 (2004), for the purpose of addressing the retroactivity of *Crawford* and its potential effect on Davis' Confrontation Clause claims. However, after supplemental briefing was complete, the United States Supreme Court decided *Whorton v. Bockting*, 127 S. Ct. 1173 (Feb. 28, 2007), and held that *Crawford* does not apply retroactively. Accordingly, as this court noted in its April 9, 2007 order denying Davis' request for additional briefing on the merits, Davis' Confrontation Clause claims are therefore governed by *Ohio v. Roberts*, 448 U.S. 56, 65 (1980). *See Bolton v. Knowles*, 2007 WL 793200 at *1 (9th Cir. Mar. 13, 2007) (noting that habeas petitioner's Confrontation Clause claim is governed by the standards set forth in *Ohio v. Roberts*); *accord Miller v. Fleming*, 2007 WL 840981 (9th Cir. Mar. 19, 2007).

The Supreme Court's decision in *Whorton,* succeeding Thorman's appointment as counsel, has thus eliminated the complexity that justified appointment of counsel in April 2004. Accordingly, Thorman's motion to withdraw as counsel is GRANTED. To the extent that Davis seeks appointment of counsel on appeal, Davis should direct his

1  request to the Ninth Circuit.  It will be within the Ninth Circuit's discretion to determine
2  whether appointment of counsel on appeal is required by 18 U.S.C. § 3006(a)(2)(B).
3      The clerk shall forward the file, including a copy of this order, to the Court of
4  Appeals.  *See* Fed. R. App. P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th
5  Cir. 1997).

7  **IT IS SO ORDERED.**

9  Dated: August 31, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge